1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LEVI ROCKEFELLER, | Case No. 2:20-cv-04508-DOC (GJS) |
| Petitioner | ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS AND OTHER DEFECTS |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Respondents. | |

On May 19, 2020, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district [Dkt. 1,"Petition"]. The Petition stems from Petitioner's misdemeanor conviction and sentencing in Los Angeles County Superior Court Case No. BA428706 (the "State Conviction"). [Petition at 2, 14.][1] The docket for the State Conviction case shows that a jury trial was scheduled to take place on 12 separate dates between January 5, 2015, and September 16, 2016, although Petitioner alleges that he was convicted pursuant to a judge trial. [Petition at 2.] Petitioner also alludes to a "plea" at one point, and the docket indicates that he entered a nolo contendere plea to Count 2 (a violation of California Penal Code § 646.9(a)). The

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, the California Supreme Court, and federal courts.

docket indicates, and Petitioner alleges, that he thereafter was sentenced on March 11, 2016, to a one-year jail term and five years of formal probation.  [*Id.*]

Petitioner alleges that he *did not* appeal the State Conviction to the California Court of Appeal but, inconsistently, alleges that he *did* file a 2019 petition for review of the California Court of Appeal's decision on appeal.  [Petition at 2-3.]  In fact, the state court dockets show that Petitioner did not directly appeal the State Conviction.  Instead, approximately one month after his conviction, he filed a habeas petition in the trial court, which appears to have been denied on May 25, 2016.  Over three years later, on July 29, 2019. Petitioner filed a habeas petition in the California Supreme Court (Case No. S257128), which the state high court summarily denied on October 16, 2019.[2]

Over six months passed following the state high court's denial of relief.  The Petition bears a May 5, 2020 signature and was received by a correctional officer for mailing on May 6, 2020.  [*See* Petition at 8, 37, 40.]  Construing the record liberally, the Court will deem the Petition to have been "filed" on May 5, 2020, pursuant to the mailbox rule.[3]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  For the reasons set forth below, it appears that the Petition suffers from numerous defects, at least two of which are non-rectifiable and require its dismissal.

---

[2]     While that state high court habeas action was pending, Petitioner filed a petition for a writ of prohibition or mandamus in the California Supreme Court (Case No. S258442) on October 7, 2019, which transferred the petition to the California Court of Appeal (Case No. B301835).  The state appellate court, in turn, denied the petition on November 6, 2019.

[3]     *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

**THE CLAIMS ALLEGED IN THE PETITION**

The Petition alleges three claims.  In Grounds One and Two, Petitioner complains about events that occurred either on September 16, 2015, the date on which Petitioner's jury trial was scheduled to commence, or on March 11, 2016, the date on which he was sentenced.[4]  Petitioner alleges that, on his "scheduled trial date," his counsel (Mark Geragos) moved to withdraw, and the trial judge then "imposed" another lawyer to represent Petitioner (Craig Thigpen, the same lawyer who was representing Geragos in a personal matter).  Petitioner alleges that he objected and asked for more time to prepare for trial, but the trial court refused to allow it.  Petitioner alleges that earlier, he and his attorney had agreed on a plea deal that would be acceptable to Petitioner, although he does not allege that the prosecutor knew anything about this or also agreed to any such plea deal.  Petitioner alleges that, after the trial court allowed Geragos to withdraw, the trial judge: imposed a new plea deal on Petitioner, which was different than the one that he had agreed to with Geragos, as well as a different sentence than the one Petitioner had contemplated; and "imposed" on Petitioner that he was to pay his medical costs to be incurred in Jail over the coming months.  Petitioner alleges that he objected and demanded his right to a jury trial, to no avail.  Petitioner contends that, by allowing Geragos to withdraw and appointing Thigpen to represent Petitioner and by refusing to allow additional time for trial preparation, the trial court violated Petitioner's Sixth Amendment rights under *United States v. Cronic*, 466 U.S. 648 (1984), and *Strickland v. Washington*, 460 U.S. 668 (1984).

Ground Three of the Petition alleges something entirely different and is based on post-conviction events having nothing to do with the State Conviction.  Petitioner

_____

[4]      The docket for the State Conviction case shows that trial was set and continued numerous times, with the last date scheduled of September 16, 2015.  The docket shows a September 23, 2015 entry for unspecified "judicial action" and that Petitioner's probation and sentencing hearing was initially set for October 28, 2015, and then was continued four times until sentencing actually occurred on March 11, 2016.

3

THE

complains that the mental competency proceedings instituted against him in a separate criminal case (No. GA105379) in 2019, pursuant to California Penal Code § 1368, were instituted in bad faith and to retaliate against him for exercising his First Amendment right to petition the government for grievances.  Petitioner also complains, at length, about the conditions of his confinement at Patton State Hospital following the institution of such proceedings and about alleged instances of excessive force in connection with his transfer from and return to the Jail, and asserts that these matters constitute cruel and unusual punishment in violation of the Eighth Amendment.[5]

## THE PETITION NAMES IMPROPER RESPONDENTS

The Petition names ten Respondents:  the State of California; the Los Angeles Sheriff's Department ("LASD"); LASD Sheriff Alex Villanueva; the Los Angeles County Superior Court ("LACSC"); LACSC Judge Craig Richman; LACSC Judge Leslie Swann; the District Attorney for the County of Los Angeles (Jackie Lacey); the Los Angeles Office of the Attorney General for the State of California; the State Bar of California; and the Commission on Judicial Performance for the State of California.    Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper Respondent is "the state officer who has custody."  The Notes to Rule 2(a) make clear that, if a petitioner is on probation, the proper Respondents are the particular probation officer responsible for supervising the petitioner and the official in charge of the probation agency, or the state

---

[5]    In his lengthy argument, Petitioner also complains about a September 2018 traffic stop, in which the police wrongfully asserted that Petitioner was in violation of a temporary restraining order involving the victim in the State Conviction case [Petition at 20].  Petitioner believes that this event – which occurred well over two years after his conviction – somehow retroactively "taints" the State Conviction and renders his sentence unfair.  This allegation about a separate event that occurred years after the State Conviction does not state a viable habeas claim for purposes of a Section 2254 habeas attack on the State Conviction, and Petitioner does not allege that it serves as a separate ground for habeas relief.  Accordingly, the Court will not consider it further.

correctional agency, as appropriate.

Petitioner alleges that he is being held in the Los Angeles County Jail pursuant to the State Conviction. There is some reason to question that. Petitioner received a one-year jail sentence in early 2016, which has been served long ago in all likelihood. Pursuant to the LASD's website and inmate locater function, it appears that Petitioner is in custody in connection with two of his *other* pending criminal cases, namely, Los Angeles County Superior Court Case Nos. BA471603 and GA105379. The docket for the State Conviction case, however, does show that petitioner had a probation violation hearing scheduled in 2019, right before his California Penal Code § 1368 competency proceedings.

Accordingly, it is possible that Petitioner is in LASD custody in connection with a probation violation proceedings in the State Conviction case, as well as being in custody pursuant to the other two pending criminal cases noted above. The Court, therefore, will assume solely for argument's sake that the "in custody" requirement for Section 2254 habeas petitions is met.[6] Nonetheless, it is plain that the Petition names inappropriate and improper Respondents. The only apparently appropriate Respondent of those named is the Sheriff of the LASD. Petitioner, plainly, is not in the custody of the LACSC or its Judges, nor is he in the custody of District Attorney Lacey or the State Bar or the Commission on Judicial Performance or the Los Angeles Office of the California Attorney General. And if Petitioner if facing a probation violation conviction in the State Conviction case, the appropriate Respondent would be either the relevant probation officers or state correctional agency, not the State of California.

If this action proceeds, Petitioner must amend the Petition to designate the correct Respondent(s).

---

[6] In his response to this Order To Show Cause, Petitioner should identify specifically what proceedings currently are pending in the State Conviction case and the basis for his contention that he is "in custody" in that case.

## GROUND THREE IS NOT COGNIZABLE UNDER SECTION 2254

In his third claim, Petitioner complains about mental competency proceedings instituted against him in a different criminal case (No. GA105379) and the resulting things he experienced.  Petitioner complains that during the mental competency proceedings in Case No. GA105379, which he says took place during April through September 2019, various wrongful things occurred, including hearings happening in his absence or without a lawyer and that a 12-person jury did not determine his competency.  Petitioner also complains that, during his transport to Patton State Hospital, he suffered a neck injury, and that once at the hospital, he was forcibly administered psychiatric medication without his consent, all of which has caused him mental and physical injury and distress.  Petitioner further complains that, during the process of returning him to the LASD's Jail custody in February 2020, "jail authorities" injured Petitioner by separating his shoulder.  He alleges that, on March 13, 2020, a "sheriff squad team" snuck into his cell and injected COVID-19 into Petitioner's lower back, an event that was video recorded by a sergeant. Petitioner alleges that he thereafter developed COVID-19, was hospitalized, and almost died, and that media reports subsequently named him as the first LASD Jail inmate to have developed COVID-19.

Whatever the factual merits of Petitioner's Ground Three allegations, they are not cognizable in this Section 2254 case.  As a threshold matter, the Petition states that it has been brought to challenge Petitioner's conviction sustained in the State Conviction in or about March 2016.   Ground Three complains about mental competency proceeding that occurred over three years later in a *separate* criminal case and the related consequences thereof, as well as alleged acts of excessive force while at and being transported to and from the Jail in 2019 and 2020.  Section 2254 is applicable only when an incarcerated person seeks to challenge "the judgment of a State court."  Here, the "judgment" at issue for purposes of the State Conviction  is the State Conviction that occurred in 2016 in Case No. BA428706.  Events that

6

occurred is a different criminal case or that are not a part of the criminal proceedings for that case – which are not a part of the "judgment" at issue here – do not state any viable claim that can be considered in this case.

Moreover, the matters alleged in Ground Three are not cognizable in habeas at all. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). In *Nettles v. Grounds,* 830 F.3d. 922 (9th Cir. 2016) (*en banc*), the Ninth Circuit held that habeas corpus and civil rights are mutually exclusive remedies. A Section 1983 action is the "exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus" and, consequently, "habeas is available only for state prisoner claims that lie at the core of habeas." *Id.* at 927, 930. A claim lies within the core of habeas only if success would "necessarily lead to immediate or speedier release." *Id.* at 934. *Nettles* made clear that, to be cognizable in habeas, a claim has to necessarily accelerate release—not just likely, or merely potentially, accelerate release—from confinement if successful. *See id.* at 934-935.

Ground Three falls outside the core of habeas, because success on the claim would not necessarily result in Petitioner's speedier release from custody. A finding in his favor on Ground Three would not affect the length of his custody. At most, success on Ground Three might yield Petitioner a basis for obtaining monetary damages, relief that is not available under Section 2254. As Ground Three falls outside the core of habeas, it is cognizable, if at all, only through a civil rights action. *Nettles*, 830 F.3d at 931. If a habeas petition is amenable to conversion to a civil rights claim on its face, meaning that it names the correct defendants and seeks the correct relief, the Court may construe the petition to plead a cause of action under Section 1983 after notifying and obtaining informed consent from the prisoner. *Id.* at 936. Here, however, Ground Three is not amenable to conversion on

7

1   its face:  Petitioner has made no specific allegations against the named Respondents

2   in this action or any other individual that bear on the matters alleged in Ground

3   Three; and it is unclear who Petitioner would seek to hold responsible for the

4   alleged First and Eighth Amendment violations alleged, nor has he identified the

5   capacity/ies in which any defendant(s) would be sued, a matter highly relevant to

6   cognizability.  In addition, the relief he seeks pursuant to any such putative civil

7   rights claim is uncertain.  He states only that he seeks habeas relief, but habeas relief

8   is not available for the matters alleged in Ground Three.  Moreover, and critically,

9   Petitioner has not stated a willingness to pay the $350 filing fee, whether in full

10  upfront or over time.

11      Ground Three does not state a viable basis for federal habeas relief and could not

12  do so with further amendment.  As the claim is not cognizable under Section 2254,

13  it should be dismissed without prejudice.

14

15              **THE PETITION IS UNTIMELY ON ITS FACE**

16      The one-year limitations period that governs the Petition is set forth in 28 U.S.C.

17  § 2244(d)(1).  Petitioner was convicted on March 11, 2016, and he did not pursue a

18  timely appeal.[7]  Generally, a misdemeanor conviction is "final" for purposes of the

19  Section 2244(d)(1) limitations period 90 days after the California Court of Appeal

20  denies a transfer application.  *McMonagle*, 802 F.3d at 1097-98 (when petitioner

21  "appealed his conviction through the proper channels" by appealing to the Appellate

22  Division and then requesting transfer, his conviction was final 90 days after the

---

24  [7]     A defendant who has sustained a misdemeanor conviction may not appeal directly to the
25  California Court of Appeal initially.  Rather, he must appeal to the Appellate Division of the
    Superior Court, and if his appeal is denied, he then must file an application asking the Appellate
26  Division to certify the case for transfer to the California Court of Appeal.  If such certification is
    denied, the defendant may petition the California Court of Appeal directly to accept the transfer of
27  the case.  *See* Cal. Penal Code § 1466; Cal. R. Ct. 8.1002, 8.1005, and 8.1006; *McMonagle v.*
    *Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015).  If the California Court of Appeal denies transfer,
28  that denial is final and may not be appealed to the California Supreme Court.  *Id.*  The records
    shows that Petitioner did not pursue any of these procedures, nor does he claim that he did.

California Court of Appeal denied transfer). Here, Petitioner did not follow the "proper channels" for appealing the State Conviction. Under California law, he had 30 days from his March 11, 2016 State Conviction in which to file a notice of appeal in the trial court, s*ee* Cal. R. Ct. 8.852(a), and he did not do so. Accordingly, for federal statute of limitations purposes, Petitioner's state conviction became "final" on the expiration of that 30-day period, *i.e.*, on April 10, 2016. Therefore, Petitioner had until April 10, 2017, to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). The instant Petition was not filed until May 5, 2020, and therefore, it was untimely by over three years, absent tolling.

Petitioner, however, apparently contends that he is entitled to a delayed accrual of his limitations period for his challenge to the State Conviction. Relying on *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001), Petitioner asserts that, in mid-2019, "he became aware of facts that allow him to assert in objective good faith that he was prejudiced by counsel's deficient performance." [Petition at 15.] Thus, Petitioner appears to seek to invoke the delayed accrual provision of 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D), by its terms, only applies when two predicates are met: (1) there is a delayed discovery of the facts giving rise to a claim; and (2) the delay is excusable because the petitioner has exercised diligence. As the Ninth Circuit has made clear, the limitations period begins to run pursuant to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (citation omitted) (further observing that, once the petitioner was aware of the facts themselves, even if he did not understand their legal significance, the limitations "clock started ticking").

Petitioner does not identify a single "fact" of which he was unaware, much less identify why any belatedly-discovered "fact" could not have been discovered previously through the exercise of due diligence. Grounds One and Two are based

9

upon pre-conviction events that, apparently, occurred on March 11, 2016.  Petitioner alleges that he was present at these events and was aware of and objected to what was happening at the time.  Grounds One and Two rest on facts that were known to Petitioner as of the time of conviction and sentencing in early 2016.  Given the allegations of the Petition, Section 2244(d)(1)(D) cannot serve as a basis for providing Petitioner with a delayed accrual of his limitations period for his two claims based on the events of March 11, 2016, or earlier.  Accordingly, Section 2244(d)(1)(A) governs the limitations period applicable to this case and Petitioner's limitations period commenced on April 11, 2016, and expired on April 10, 2017, absent tolling.

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court.  Petitioner alleges that he filed a habeas petition in the trial court in 2016, although alleges nothing about when it was filed, what claims were alleged, and its disposition.  The docket for the State Conviction case shows that Petitioner filed a habeas petition on April 12, 2016, and it apparently was denied on May 25, 2016.  Thus, Petitioner's limitations ran for two days, then may have been statutorily tolled from April 12, 2016, through May 25, 2016, and then recommenced running on May 26, 2016, with 363 days remaining.  Assuming such Section 2244(d)(2) tolling is available, Petitioner's limitations period then would have run until April 12, 2017, absent further tolling.

Petitioner did not file another habeas petition challenging the State Conviction until July 29, 2019 – the above mentioned California Supreme Court habeas petition in Case No. S257128.  That petition, however, was not filed until over two years after Petitioner's limitations period already had run.  As a result, it cannot serve as a basis for Section 2244(d)(2) tolling.  *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his

claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).  Accordingly, Petitioner's limitations period expired on April 12, 2017, and the Petition is untimely by over three years as to Grounds One and Two, absent a further basis for tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).  However, application of the equitable tolling doctrine is the exception rather than the norm.  *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005).  Both elements must be met.  *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence).  A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him.  *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case.  The Petition does not set forth any basis that could support equitably tolling Petitioner's limitations period during the relevant time frame.  Petitioner's status as a pro se litigant and any related legal ignorance is an

11

insufficient basis for equitable tolling.  As the federal courts have repeatedly recognized, "[i]t is clear that pro se status, on its own, is not enough to warrant equitable tolling."  *Roy v. Lampert*, 476 F.3d 964, 970 (9th Cir. 2006).  Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").  On the present record, there is no basis for applying the equitable tolling doctrine.

In sum, it is plain that the Petition, on its face, is untimely by over three years.[8]

\*     \*     \*     \*     \*

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed as follows:  Ground Three to be dismissed without prejudice on the basis of noncognizability in a habeas action; and Grounds One and two to be dismissed with prejudice on the basis of untimeliness.  By no later than **July 6, 2020**, Petitioner shall file a Response to this Order To Show Cause

---

[8]     District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard.  *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).

addressing both issues as follows:

1. If Petitioner concedes that Grounds One and Two of the Petition are untimely, he shall so state clearly.  If Petitioner disputes that these two claims are untimely, he must explain clearly and in detail why the claims are not untimely and provide any available competent evidence that establishes the timeliness of these two claims.

2. In addition, Petitioner shall state clearly whether he concedes that Ground Three of the Petition is not cognizable in a Section 2254 habeas action.  If Petitioner contends that the claim may be considered under Section 2254, he must explain why.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the grounds of untimeliness and/or noncognizability.**

**IT IS SO ORDERED.**

DATED:  June 1, 2020.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

13