UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI ROCKEFELLER,<br><br>    Petitioner<br><br>    v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Respondents. | Case No. 2:20-cv-04508-DOC (GJS)<br><br>ORDER: DISMISSING PETITION WITH AND WITHOUT PREJUDICE; AND DENYING A CERTIFICATE OF APPEALABILITY |

    On May 19, 2020, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district alleging three Grounds [Dkt. 1,"Petition"]. The Petition stems from Petitioner's misdemeanor conviction and sentencing in Los Angeles County Superior Court Case No. BA428706 (the "State Conviction"). [Petition at 2, 14.][1]

    On June 1, 2020, United States Magistrate Judge Gail A. Standish issued an Order To Show Cause [Dkt. 4, "OSC"]. The OSC advised Petitioner that: the Petition had failed to name a proper Respondent; Ground Three of the Petition is not cognizable in federal habeas review; and on the face of the Petition, Grounds One and Two are untimely. The OSC directed Petitioner to show cause why the Petition

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, the California Supreme Court, and the federal courts.

should not be dismissed for these reasons. Petitioner filed a timely response to the OSC [Dkt. 5, "Response"].

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. In addition, district courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Petitioner has received that opportunity through the OSC and his Response. For the following reasons, the Court concludes that the Petition must be dismissed, with prejudice as to Grounds One and Two for untimeliness, and without prejudice as to Ground Three for noncognizability.

**BACKGROUND**

The Court has carefully reviewed the Petition and the relevant state court dockets and notes the following relevant information.

In the State Conviction case, Petitioner was charged with two counts (attempted burglary and stalking). Petitioner alleges that he was convicted pursuant to a judge trial that occurred on March 11, 2016. [Petition at 2; Response at 3.] This allegation, however, is belied by the record. The docket for the State Conviction shows that, on September 16, 2015, Petitioner entered a nolo contendere plea to Count 2 (the stalking charge) and actually was convicted on that date based on his plea. The sentencing hearing was continued a number of times until March 11, 2016, at which time the attempted burglary charge was dismissed and Petitioner was sentenced to a one-year jail term and five years of formal probation.

Petitioner alleges that he did not appeal the State Conviction to the California

Court of Appeal, although he inconsistently alleges that he *did* file a 2019 petition for review of the California Court of Appeal's decision on appeal. [Petition at 2-3.] The state court dockets confirm that Petitioner did not directly appeal the State Conviction. Instead, approximately one month after his conviction, he filed a habeas petition in the trial court, which appears to have been denied on May 25, 2016. Over three years later, on July 29, 2019, Petitioner filed a habeas petition in the California Supreme Court (Case No. S257128), which the state high court summarily denied on October 16, 2019.[2] Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on February 24, 2020 (No. 19-6914).

Over six months passed following the state high court's denial of relief. The Petition bears a May 5, 2020 signature and was received by a correctional officer for mailing on May 6, 2020. [*See* Petition at 8, 37, 40.] Construing the record liberally, the Court will deem the Petition to have been "filed" on May 5, 2020, pursuant to the mailbox rule.[3]

**THE CLAIMS ALLEGED IN THE PETITION**

The Petition alleges three claims. In Grounds One and Two, Petitioner complains about events that occurred on March 11, 2016, the date on which he was sentenced in connection with his September 16, 2015 nolo contendere plea as to Count 2. Petitioner alleges that, in October 2015 – *after* he already had entered his plea and been convicted – he and his attorney (Mark Geragos), along with Geragos's "apprentice" (Hogop Kuyumyian), agreed to a plea deal in exchange for Petitioner's

---

[2] While that state high court habeas action was pending, Petitioner filed a petition for a writ of prohibition or mandamus in the California Supreme Court (Case No. S258442) on October 7, 2019, which transferred the petition to the California Court of Appeal (Case No. B301835). The state appellate court, in turn, denied the petition on November 6, 2019.

[3] *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

3

guilty plea to Count 2.  Plaintiff alleges that on March 11, 2016, in the courthouse hallway, Geragos, Kuyumyian, and "Bob" (a bookkeeper) attempted to extort him "for another million dollar cash payment" and told him that, if he did not pay, he would go to prison for the rest of his life.  Petitioner alleges that, after he refused to pay, Geragos moved to withdraw from the State Conviction case and the trial judge granted the motion and "imposed" another lawyer on Petitioner to represent him (Craig Thigpen).  Petitioner alleges that he objected and asked for a jury trial (even though Petitioner already had entered a plea and been convicted), but the trial court instead imposed a sentence that was greater than the sentence envisioned by the plea deal, as well as "imposed" on Petitioner that he was to pay his medical costs to be incurred in jail over the coming months.  Plaintiff alleges that, in July 2019, he learned that Thigpen was representing Geragos in a personal matter at the same time that Thigpen was appointed to represented Petitioner in the State Conviction case, which Petitioner labels a "conflict of interest."  Petitioner contends that, by allowing Geragos to withdraw and appointing Thigpen to represent Petitioner on March 11, 2016, as well as by refusing to allow additional time for trial preparation on that same date, the trial court violated Petitioner's Sixth Amendment rights under *United States v. Cronic*, 466 U.S. 648 (1984), and *Strickland v. Washington*, 460 U.S. 668 (1984).

Ground Three of the Petition has nothing to do with the above alleged events of March 11, 2016, or with the State Conviction.  Rather, Petitioner complains that mental competency proceedings instituted against him in 2019 in a separate criminal case (No. GA105379) were instituted in bad faith and to retaliate against him for exercising his First Amendment right to petition the government for grievances.  Petitioner also complains, at length, about the conditions of his confinement at Patton State Hospital following the institution of such proceedings and about alleged instances of excessive force in connection with his transfer from and return to the Jail.  He asserts that these matters constitute cruel and unusual punishment in

violation of the Eighth Amendment.[4]

### GROUND THREE IS NOT COGNIZABLE UNDER SECTION 2254

Whatever the factual merits of Petitioner's Ground Three allegations about the mental competency proceedings instituted against him in a different criminal case and the resulting things he experienced, as the OSC explained, the matters alleged are not cognizable in this Section 2254 case. Section 2254 is applicable only when an incarcerated person seeks to challenge "the judgment of a State court." Here, the "judgment" at issue in this case is that which issued in Case No. BA428706, the State Conviction case. Moreover, as the OSC explained, the matters alleged in Ground Three fall outside the core of habeas, because success on the claim would not necessarily result in Petitioner's speedier release from custody. A finding in Petitioner's favor on Ground Three would not affect the length of his custody and at most, might yield him a basis for obtaining monetary damages, relief that is not available under Section 2254. As Ground Three falls outside the core of habeas, it is cognizable, if at all, only through a civil rights action. *Nettles v. Grounds,* 830 F.3d. 922, 931 (9th Cir. 2016) (*en banc*).

In his Opposition, Petitioner concedes that Ground Three is not cognizable in a habeas action and agrees to dismiss the claim without prejudice. [Opposition at 2.] Accordingly, Ground Three is dismissed without prejudice, both for the reasons stated in the OSC and because Petitioner has agreed to its dismissal.

---

[4] Petitioner also complains about a September 2018 traffic stop, in which the police are alleged to have wrongfully asserted that Petitioner was in violation of a temporary restraining order involving the victim in the State Conviction case [Petition at 20]. Petitioner believes that this event – which occurred well over two years after he suffered the State Conviction – somehow retroactively "taints" the State Conviction and renders his sentence unfair. This allegation about a separate event that occurred years after the State Conviction does not state a viable habeas claim for purposes of a Section 2254 habeas attack on the State Conviction, and Petitioner does not allege that it serves as a separate ground for habeas relief. Accordingly, the Court has not considered it further.

5

# THE PETITION IS UNTIMELY

Under 28 U.S.C. § 2244(d)(1), a one-year limitations period applies to the Petition.

**The Commencement of Petitioner's Limitations Period:**

A defendant who, as here, has sustained a misdemeanor conviction may not appeal directly to the California Court of Appeal initially but, rather, must appeal to the Appellate Division of the Superior Court. If his appeal is denied, he then must file an application asking the Appellate Division to certify the case for transfer to the California Court of Appeal. If certification is denied, the defendant may petition the California Court of Appeal directly to accept the transfer of the case. *See* Cal. Penal Code § 1466; Cal. R. Ct. 8.1002, 8.1005, and 8.1006; *McMonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015). If the California Court of Appeal denies transfer, that denial is final and may not be appealed to the California Supreme Court. *Id.* The record shows that Petitioner did not pursue any of these procedures, nor does he claim that he did.

Generally, a misdemeanor conviction is "final," for purposes of the Section 2244(d)(1) limitations period, ninety days after the California Court of Appeal denies a transfer application. *McMonagle*, 802 F.3d at 1097-98. Petitioner, however, did not follow the proper channels for appealing the State Conviction. He was convicted on September 16, 2015, and sentenced on March 11, 2016, and he did not appeal. Under California law, he had 30 days from March 11, 2016 – when he was sentenced in connection with the State Conviction – in which to file a notice of appeal in the trial court, s*ee* Cal. R. Ct. 8.852(a), and he did not do so. Accordingly, for federal statute of limitations purposes, Petitioner's state conviction became "final" on the expiration of that 30-day period, *i.e.*, on April 10, 2016. Therefore, Petitioner had until April 10, 2017, to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). The instant Petition was not filed until May 5, 2020, and

therefore, it was untimely by over three years, absent tolling.

Petitioner contends that, pursuant to 28 U.S.C. § 2244(d)(1)(D), he is entitled to a delayed accrual of his limitations period for his challenge to the State Conviction. Section 2244(d)(1)(D), by its terms, only applies when two predicates are met: (1) there is a delayed discovery of the facts giving rise to a claim; and (2) the delay is excusable because the petitioner has exercised diligence. As the Ninth Circuit has made clear, the limitations period begins to run pursuant to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (citation omitted) (observing that once the petitioner was aware of the facts themselves, even if he did not understand their legal significance, the limitations "clock started ticking").

Relying on *Hasan,* Petitioner asserted only that, in July 2019, "he became aware of facts that allow him to assert in objective good faith that he was prejudiced by counsel's deficient performance." [Petition at 15.] In his Response to the OSC [at 2-3], Petitioner explained that, "on or about July 2019," another jail inmate brought to his attention that Thigpen had been Geragos's personal lawyer and that he further "learned" that "both his trial and sentence had actually occurred on the same day," *i.e.,* on March 11, 2016.

Petitioner's Section 2244(d)(1)(D) argument fails, because he has not identified any fact relevant to the Sixth Amendment violations alleged in Grounds One and Two, the discovery of which reasonably was delayed. As set forth above, Petitioner's contention that he was tried on March 11, 2016 is untrue; the record plainly belies it. That Petitioner allegedly "learned" of something that is not factually correct is legally meaningless under Section 2244(d)(1)(D). In addition, that Thigpen allegedly represented Geragos in a personal matter at the time Geragos withdrew in the State Conviction case and Thigpen took over Petitioner's representation also is of no moment for Section 2244(d)(1)(D) purposes, regardless

7

of when Petitioner learned about it. At that point in time, Petitioner already had been convicted six months earlier pursuant to his plea and all that remained was sentencing. Petitioner admittedly was aware, on March 11, 2016, that Geragos was permitted to withdraw as his counsel and that Thigpen was appointed in his stead. If Petitioner wished to raise a Sixth Amendment claim based on these events – including, as he argues in both the Petition and the Response, on the theory that he was forced to proceed at sentencing without his counsel of choice and/or that counsel did not provide adequate representation at sentencing – he possessed all the relevant facts he needed as of March 11, 2016. It is irrelevant that the attorney who substituted in to represent him at the sentencing hearing happened to represent his former attorney in a separate, personal matter, because that circumstance does not give rise to any constitutional concern under the Sixth Amendment. Thus, the belated discovery that Thigpen had served as Geragos's personal lawyer in March 2016 cannot serve as a relevant "fact" for Section 2244(d)(1)(D) purposes with respect to Grounds One and Two.

Accordingly, Section 2244(d)(1)(A) governs the limitations period applicable to this case and Petitioner's limitations period commenced on April 11, 2016, and expired on April 10, 2017, absent tolling.

**Statutory Tolling:**

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. Petitioner alleges that he filed a habeas petition in the trial court in 2016, and the docket for the State Conviction case shows that Petitioner filed a habeas petition on April 12, 2016, which was denied on May 25, 2016. Thus, Petitioner's limitations period ran for one day, then may have been statutorily tolled from April 12, 2016, through May 25, 2016, and then recommenced running on May 26, 2016, with 364

1   days remaining.  Assuming such Section 2244(d)(2) tolling is available, Petitioner's
2   limitations period then would have run until April 13, 2017, absent further tolling.
3     Petitioner did not file another habeas petition challenging the State
4   Conviction until July 29, 2019 – the above mentioned California Supreme Court
5   habeas petition in Case No. S257128.  That petition, however, was not filed until
6   over two years after Petitioner's limitations period already had run.  As a result, it
7   cannot serve as a basis for Section 2244(d)(2) tolling.  *See, e.g., Laws v. Lamarque*,
8   351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state
9   petition until after his eligibility for federal habeas had already elapsed, statutory
10  tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d
11  820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the
12  limitations period that has ended before the state petition was filed"); *Jiminez v.*
13  *Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the
14  AEDPA statute of limitations ended" did not save federal petition from being
15  untimely).
16    Accordingly, Petitioner's limitations period expired on April 13, 2017, and
17  the Petition is untimely by over three years as to Grounds One and Two, absent a
18  further basis for tolling.
19
20  **Equitable Tolling:**
21    The limitations period for Section 2254 petitions is subject to equitable tolling
22  in appropriate circumstances.  *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).
23  However, application of the equitable tolling doctrine is the exception rather than
24  the norm.  *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.
25  2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing"
26  and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable
27  tolling is unavailable in most cases").  A habeas petitioner may receive equitable
28  tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2)

9

that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Petitioner argues that he is entitled to equitable tolling for an unspecified period of time, because he assertedly proceeded with diligence as of July 2019, by filing his California Supreme Court habeas petition and then seeking certiorari. Petitioner, however, does not adequately explain his over three year delay in seeking any relief after the trial court denied his habeas petition in May 2016. While Petitioner vaguely alludes to efforts to obtain case files, records, transcripts, and orders in the State Conviction case, he does not proffer a single fact in this respect or piece of evidence, nor does he explain why he would have needed any such matters to pursue habeas relief in this simple misdemeanor plea case.

In any event, diligence alone (even if proven) is not sufficient to establish a right to receive equitable tolling, because a showing of the requisite extraordinary circumstance also must be made. While Petitioner references his recent competency proceedings in another, more recently-filed state criminal case, he again fails to proffer any facts or evidence in this respect. Nor does Petitioner allege any facts, or provide any evidence, that could establish a lack of mental competency in April 2016, when his limitations period began to run following his nolo contendere plea, and through April 2017, when it expired. As Petitioner concedes, he *was* able to file a habeas petition in the trial court on a pro se basis in April 2016, demonstrating his ability to understand the need to seek relief and to do so. Moreover, Petitioner was able to file a habeas petition in the California Supreme Court in July 2019 (after he

1 learned of the supposedly relevant information about Thigpen) and then a certiorari
2 petition in the Supreme Court, both actions taken while his competency proceeding
3 was underway, further indicating that any asserted competency issue has not
4 affected his ability to understand the need to seek relief and to do so. *See Yeh v.*
5 *Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (when the petitioner showed an
6 awareness of basic legal concepts and filed state habeas petitions, "[t]hese facts
7 refute[d] a claim of impairment so debilitating that one could not 'rationally or
8 factually' understand the meaning of a deadline") (citation omitted); *Roberts v.*
9 *Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (the petitioner was not entitled to
10 equitable tolling based on his mental incompetency when he "managed to file
11 several petitions for post-conviction relief during the time for which" he sought
12 equitable tolling); *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005)
13 (although the petitioner presented evidence of diagnosed mental health problems
14 and related medication, equitable tolling based on mental disability was properly
15 rejected, because he filed a state habeas petition 22 months before, and another state
16 habeas petition a month and a half after, his limitations period expired, and thus, it
17 appeared he was capable of preparing a federal petition during this time frame),
18 amended on other grounds by 447 F.3d 1165 (2006).

19 Petitioner has not raised a genuine question as to his mental competency to
20 seek habeas relief during the relevant April 2016 through April 2017 period of time.
21 As a result, there is no basis for finding the extraordinary circumstance requirement
22 satisfied for equitable tolling to be afforded. Grounds One and Two of the Petition,
23 therefore, remain untimely by over three years.

24 Accordingly, IT IS ORDERED that: Grounds One and Two of the Petition
25 are dismissed, with prejudice, for untimeliness; Ground Three of the Petition is
26 dismissed, without prejudice, as noncognizable; and Judgment shall be entered
27 dismissing this action with and without prejudice.

28 In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254

Cases in the United States District Courts, the Court has considered whether a certificate of appealability ("COA") is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a COA is unwarranted, and thus, a COA is DENIED.

**IT IS SO ORDERED.**

DATED:  February 5, 2021

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE